## George Barker *v*. Daniel P. Warren.

Under section 10, chapter 185, Revised Statutes, a defendant and his bail are entitled to be discharged at the return term, upon satisfactory evidence that the defendant does not conceal his estate, and that he does not intend to leave the State to avoid the payment of his debts.

Assumpsit.   On the 26th of Dec., 1864, the defendant was arrested on the writ, which had upon it the plaintiff's affidavit of the defendant's indebtedness to him in more than $13,33, and of his belief that the defendant was about to leave the State to avoid the payment of his debts.   The defendant gave bail, and at the return term of the court furnished his affidavit and answered under oath all interrogatories proposed by the plaintiff, and moved that he and his bail be discharged.   It appeared that the defendant, the last of October or first of November, 1864, made arrangements to change his residence from Milton in this county to Marlborough in Massachusetts ; that while on his way there with his family he was arrested on the writ in this case ; that though he intended to leave this State, it was not for the purpose of avoiding the payment of his debts, but solely for the purpose of taking up his residence in Marlborough and endeavoring to get into business there in order to support himself and his family ; that after he had given bail he went to Marlborough with his family, and has ever since been and still is a resident of Marlborough, intending to remain there permanently.

The court ruled that the defendant's motion should be granted.   The plaintiff excepted, and this case was reserved.

*Christie*, for the plaintiff.

*Sanborn*, for the defendant, cited *Stevenson* v. *Smith*, 28 N. H. 12.

Doe, J.   Sec. 1, chap. 35, laws 1843, (enacted as a substitute for sec. 8, chap. 185, Rev. Stats.) provides that the affidavit to authorize arrest in a suit upon contract, shall contain the clause that the defendant " conceals his property so that no attachment or levy can be made, or that there is good reason to believe he is about to leave the State to avoid the payment of his debts."   Secs. 9 and 10 of the same chapter of the Rev. Stats. provide that the defendant in such case when arrested, may be discharged by two justices of the peace immediately, or by the court at the return term, if they believe that he does not conceal his property and does not intend to leave the State.   In this case, the defendant did intend to leave the State, but not for the purpose of avoiding the payment of his debts ; and the question is, whether sec. 10 is to be construed as if it contained the phrase, " to avoid the payment of his debts," which is in the 8th section.

The defect in the old law, and the remedy provided in the new, are to be considered, and one part of a statute is to be construed by another, that the whole may (if possible) stand.   Co. Litt. 381, a, b ; 1 Bl. Comm. 87, 89.   The defect in the old law was the imprisonment of honest men for debts which they were unfortunately not able to pay.

The remedy provided was the abolition of imprisonment in such cases, special provision being made for the arrest and imprisonment of dishonest debtors who should attempt fraudulently to avoid payments which they could make. The object of the special provision authorizing arrest was not to prohibit travel or emigration, but to defeat fraud.

Bringing all parts of the statute together to ascertain the meaning of each part, we find that the plaintiff is required to make a statement which is either immaterial or incontrovertible, unless the phrase, " to avoid the payment of his debts," is understood to be incorporated in sections 9 and 10. Those sections are so based upon, and connected with, sec. 8, that the phrase is necessarily implied. It can not have been intended that there should be, in the plaintiff's affidavit, an unnecessary averment of a fraudulent intent, or that the defendant is to be held in custody, although he disprove every allegation of fraud, or that he should not be allowed to refute a charge affecting his personal liberty. The two rules of construction, that the object of a statute is to be regarded, and that the whole of it is to be taken together, are decisive of this case.

*Exception overruled.*